## Ex parte FRANK E. McBRIDE.

### Division Two, February 6, 1912.

**IMPRISONMENT: Contempt: Three Days from This Date: Habeas Corpus Thereafter.** The petitioner was taken into custody under an order of court, on the 31st day of May, to be confined in jail for contempt, for three days "from this date." *Held*, that the commitment gave the sheriff no warrant of authority for restraining petitioner of his liberty beyond the period of three days from the 31st day of May, and an imprisonment on June 9th was illegal, and a writ of *habeas corpus* issued on June 9th must, on the hearing, be upheld and the petitioner discharged.

### Habeas Corpus.

PETITIONER DISCHARGED.

*T. J. Rowe* and *A. E. L. Gardner* for petitioner.

(1) The circuit court has no authority to confine any one in the county jail "upon the charge of contempt." (2) It is not contempt of the court *ipso facto,* for a witness to refuse to answer a question propounded by its grand jury. (3) The contempt, if any was committed, was not in the presence of the court and was a criminal contempt; consequently, every jurisdictional fact must appear in the commitment. Ex parte Clarke, 208 Mo. 121. (4) The commitment is illegal because the course prescribed by the statutes was not followed, but ignored. Secs. 3881, 3883, 3884, 5081, 5082, R. S. 1909. (5) The court had no authority to commit petitioner to jail for his refusal to answer questions which he said under oath he could not answer without incriminating himself. Ex parte David Eichel, 223 Mo. 258; Ex parte Gauss, 223 Mo. 277; State v. Young, 119 Mo. 495; Ex parte Arnot Carter, 166 Mo. 604; State ex rel. v. Simmons, 109 Mo. 118;

Councilman v. Hitchcock, 142 U. S. 547; Boyd v. United States, 116 U. S. 616; Emery's Case, 107 Mass. 172; People v. Mather, 4 Wend. 252; State v. Butler, 47 S. C. 25; 1 Wharton on Evidence (3 Ed.), sec. 536; Chief Justice Marshall's opinion in the trial of Aaron Burr, First Burr's trial, 244.

*Edwin W. Miles* for respondent.

KENNISH, J.—The petitioner, Frank E. McBride, on the 8th day of June, 1911, filed in this court his petition, complaining that he was imprisoned and unlawfully restrained of his liberty by John Gruninger, Jr., sheriff of St. Louis county, and praying for the issuance of a writ of *habeas corpus,* directed to the said sheriff. The writ was issued as prayed and the sheriff filed his return thereto in which he alleges that the petitioner was "taken into his custody on the 31st day of May, 1911, at four p. m., by the order of the Hon. G. A. Wurdeman, Judge of Division No. 2 of the Circuit Court of St. Louis county, State of Missouri, under the following order and commitment," etc. A copy of the order of commitment is then set out at large in the return, from which it appears that the petitioner had refused to answer certain questions propounded to him as a witness before the grand jury of said county; that because of such refusal he was adjudged guilty of contempt and as a punishment therefor it was ordered that he be confined in the county jail of said county "for a period of three days from this date." Petitioner filed a motion for judgment on the pleadings and the cause is thus at issue.

The respondent has not favored us with a brief, and the record upon which we must decide this case is in an unsatisfactory condition.

Directing our attention to the issues as made by the return and motion for judgment, we find no ille-

gality in the proceedings committing the petitioner to the county jail for three days as a punishment for contempt. However, the writ of this court was issued on the 9th day of June, 1911. It is so alleged in the return. It further appears from the return that the petitioner was taken into custody, under the order of the court, on the 31st day of May, 1911, at four p. m., to be confined in jail for a period of three days "from this date."

It is apparent that the order of commitment gave no warrant of authority for restraining the petitioner of his liberty beyond the period of three days from the 31st day of May, 1911, and as the writ of *habeas corpus* was not issued until the 9th day of June, 1911, the imprisonment at the date of the issuance of the writ was illegal. It follows that the petitioner should be discharged. It is so ordered.

*Ferriss, P. J.,* and *Brown, J.,* concur.